IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| OLUWADAMILARE OSHO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:24-cv-05282-LMM |
| UR MENDOZA JADDOU (in his official capacity) and MICAH R. BROWN (in his official capacity), | : : : | |
| | : | |
| Defendants. | : | |

## **ORDER**

This case comes before the Court on Defendants' unopposed Motion to Dismiss for Lack of Subject Matter Jurisdiction. Dkt. No. [11]. After due consideration, the Court enters the following Order:

### I.   BACKGROUND

Plaintiff Oluwadamilare Osho, a 38-year-old native of Nigeria, initiated this action on November 18, 2024. Dkt. No. [1] ¶¶ 1–3. He seeks mandamus relief and a declaratory judgment. Id. Specifically, he seeks to compel Defendants Ur Mendoza Jaddou, Director of U.S. Citizenship and Immigration Services ("USCIS"), and Micah R. Brown, Director of the Atlanta Field Office of USCIS, to take action with respect to his I-485 Application to Register Permanent Residence or Adjust Status. Id. ¶¶ 1–3, 9–16. Initially, USCIS administratively closed Plaintiff's application due to his outstanding removal proceedings. Id. ¶ 10. But after an Immigration Judge dismissed those removal proceedings, Plaintiff

once again requested that the USCIS adjudicate his application. Id. ¶ 11–14. Plaintiff alleges that Defendants failed to communicate further on the status of his application. Id. ¶ 15–16.

On March 21, 2025, Plaintiff appeared at USCIS for an interview related to his I-485 application. Dkt. No. [11] at 4. On May 28, 2025, USCIS denied Plaintiff's application. Id. at 6–7. Defendants now move to dismiss this case as moot. See generally id.

## II.    LEGAL STANDARD

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be based on either a facial or factual challenge to the complaint. McElmurray v. Consol. Gov't of Augusta-Richmond Cnty., 501 F.3d 1244, 1251 (11th Cir. 2007) (citing Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981))[1]. A facial attack "requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction," and for purposes of the motion, Plaintiff's allegations in the complaint are taken as true. McElmurray, 501 F.3d at 1251 (quoting Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)) (alterations omitted). To the contrary, a factual attack challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

matters outside the pleadings, such as testimony and affidavits are considered." McElmurray, 501 F.3d at 1251 (quoting Lawrence, 919 F.2d at 1529).

### III.   DISCUSSION

Defendants move to dismiss Plaintiffs' Complaint as moot. Dkt. No. [11]. Their motion is unopposed. See LR 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion."). Even so, the Court "must address the merits of defendants' motion to dismiss." See Giummo v. Olsen, 701 F. App'x 922, 925 (11th Cir. 2017) (per curiam).

Defendants assert a facial challenge to subject matter jurisdiction, arguing that Plaintiff's Complaint is moot.[2] See Dkt. No. [11]. Federal courts "are courts of limited jurisdiction." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005) (quotation omitted). "Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990). The Court "has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (quotation omitted). Even a once-justiciable case becomes moot and must be dismissed

---

[2] Although Defendants ask the Court to consider matters outside of Plaintiff's complaint, the Court considers only "the complaint supplemented by undisputed facts evidenced in the record." See McElmurray, 501 F.3d at 1251 (holding that where the "district court did not decide any issues of disputed fact," a Rule 12(b)(1) motion was a facial attack and did not require discovery).

"when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969).

Plaintiff's Complaint seeks the immediate adjudication of his I-485 application. See Dkt. No. [1]. However, Plaintiff's application has already been adjudicated; USCIS denied Plaintiff's I-485 application on May 28, 2025. See Dkt. No. [11-1] at 6–7. As a result, no live issue exists in this case. Therefore, it must accordingly be dismissed as moot. See Nyaga v. Ashcroft, 323 F.3d 906, 913 (11th Cir. 2003) ("[A] case must be dismissed as moot if the court can no longer provide 'meaningful relief.'").

## IV.  CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Defendants' Motion to Dismiss. Dkt. No. [11]. Plaintiff's Complaint is **DISMISSED AS MOOT**. The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED** this 22nd day of July, 2025.

**Leigh Martin May**
**Chief United States District Judge**